IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH BYFORD POLLARD, III,   No. CIV S-09-1955-CMK-P

       Plaintiff,

  vs.   ORDER

ANDERSON POLICE DEPT., et al.,

       Defendants.

                                   /

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On September 22, 2009, plaintiff filed a document in which he states that he "was able to serve the defendants for case no. 2:09-CV-1955-CMK by mail" but that he has "had not [sic] response from the defendants." Plaintiff asks the court to issue an order serving the complaint on defendants. In response, defendant Anderson Police Department filed a document on September 29, 2009, entitled "Notice of Incomplete Service" and another document on October 12, 2009, entitled "Restatement of Non-Party Status; Offer of Waiver of Service of Summons." Defendant states that it has not yet been served in compliance with Federal Rule of Civil Procedure 4(d). Defendant further states that, if served in compliance with Rule 4(d), it will waive formal service and file a response to the complaint within the time allowed under

Rule 4(d)(3). The parties are advised that the court is in the process of conducting the required statutory screening of plaintiff's complaint. Once that process is complete, and if the court determines that service of the complaint is appropriate, plaintiff will be instructed as to procedures to follow and documents to submit for proper service of the complaint by the United States Marshal.[1]

A review of the docket reflects a number of motions filed by plaintiff which the court will now address. Specifically, between September 1, 2009, and September 23, 2009, plaintiff has filed the following: (1) "Motion Relief Order for Demand $55,000" (Doc. 20); (2) "Motion – for Summary Judgment – Claimant" (Doc. 21); (3) "Motion for Summary Judgment – By Claimant" (Doc. 23); (4) "Motion for Summary Judgment – By Claimant" (Doc. 24); (5) a request for court assistance in obtaining "evidence and documents from the records department at Solano State Prison" with enclosed petition under 28 U.S.C. § 2241 (Doc. 25); (6) "Motion for Summary Judgment for the Plaintiff" (Doc. 27); and (7) "Notice of Motion and Motion for Judgment on Peremptory Writ" (Doc. 31).

To the extent plaintiff seeks entry of summary judgment in his favor, plaintiff's motions are premature because the court has not yet determined that plaintiff's complaint states cognizable claims and is appropriate for service. For the same reason, plaintiff's request for court assistance in obtaining discovery is also premature. The above-referenced motions will be stricken from the record at this time. If the court determines that service of this action is appropriate, a scheduling order will issue and the parties will have an opportunity to file motions for summary judgment following the close of discovery.

/ / /

/ / /

/ / /

---

[1] The court will issue a separate screening order.

1       Plaintiff has also filed a document in this action entitled "Complaint for
2 Preliminary and Permanent Inunction and for Damages" (Doc. 30).  This document is styled as a
3 pleading pursuant to Federal Rule of Civil Procedure 8.  It appears that plaintiff is attempting to
4 file a second amended complaint.  To the extent he seeks to file an amended complaint, leave of
5 court to do so is required because plaintiff has already filed an amended pleading as of right (see
6 first amended complaint at Doc. 6).  Because plaintiff has not obtained leave of court to file this
7 pleading, it will be stricken from the docket.[2]

8       Accordingly, IT IS HEREBY ORDERED that plaintiff's motions at Docs. 20, 21,
9 23, 24, 25, 27, 30, and 31 are stricken.

DATED:  October 14, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2]     The court notes that the subject matters of the first amended complaint previously filed in this action and the instant purported second amended complaints are different in that they relate to different incidents.  The striking of the current document will not affect plaintiff's ability to file a separate action based on the allegations contained therein.  The court expresses no opinion as to whether such an action would be appropriate for service.