IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH BYFORD POLLARD, III,   No. CIV S-09-1955-CMK-P

      Plaintiff,

  vs.   ORDER

ANDERSON POLICE DEPT., et al.,

      Defendants.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 6).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names as defendants the Anderson Police Department and Officer John Nevens.[1]  Plaintiff claims that, on May 19, 2009, he was arrested on state drug charges by officers of the Anderson Police Department.  According to plaintiff, the arresting officers placed him in the patrol car "with the heat turned up with the windows up."  He states that, due to a psychiatric condition for which he takes medication, he could not breath.  Plaintiff alleges that he was then pulled out of the car, hobbled, and choked by the officers.  It can be reasonably inferred from the amended complaint that plaintiff asserts that defendant Nevens was one of the arresting officers.

Next, plaintiff raises allegations which appear to relate to court proceedings resulting from the May 19, 2009, arrest.  First, he mentions a competency proceeding he anticipates will be held due to his psychiatric issues.  He also references alleged destruction of evidence.  He states that he being improperly charged because "no contraband was found on my person."

---

[1] The docket lists Anderson Police Department and Shasta County Superior Court as defendants.  The Clerk of the Court will be directed to update the docket to delete Shasta County Superior Court and add Nevens.

Plaintiff states that he is suing for "destroying evidence, false imprisonment, unlawful arrest, cruel and unusual punishment." He asks the court to order the return of personal property and his transfer to a parole facility in San Francisco, as well as for an award of money damages.

## II.  DISCUSSION

Plaintiff's complaint appears to state a cognizable excessive force claim as against arresting officer defendant Nevens. The remainder of plaintiff's allegations, however, suffer from two essential defects as discussed below.

### A.  Municipal Liability

Plaintiff names as a defendant the Anderson Police Department. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Plaintiff has not clearly alleged any policy, custom, or practice of defendant Anderson Police Department.

B.        **Claims Relating to State Court Criminal Proceedings**

Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

In this case, plaintiff claims that evidence was destroyed and that criminal charges against him are improper because there was no contraband discovered.  He also appears to assert that his arrest may have been improper for the same reason.  If plaintiff has been convicted in state court, success on these claim would imply the invalidity of such conviction.  Because plaintiff does not provide information concerning the status or outcome of any state court criminal proceedings, the court cannot determined if the Heck bar applies.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable Eighth Amendment claim against defendant Nevens, plaintiff may chose to proceed on that claim and to abandon any remaining claims without prejudice.  Therefore, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to delete Shasta County Superior Court as a defendant and to add John Nevens; and

2. Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

DATED: October 14, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to delete Shasta County Superior Court as a defendant and to add John Nevens; and

2. Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

DATED: October 14, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE