IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH BYFORD POLLARD, III,   No. CIV S-09-1955-GEB-CMK-P

     Plaintiff,

  vs.   ORDER

ANDERSON POLICE DEPT., et al.,

     Defendants.

_____/

     Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 42).

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Anderson Police Department and Officers Harper, Bailey, and Van Dyke.[1]  Plaintiff sets forth the following statement of facts:

> On May 1, 2008, at approximately 10:00 p.m. Officer Harper of Anderson Police Dept observed a green Geo Storm, which he had been informed of earlier as a suspect vehicle in a domestic violence investigation from a rumor.  Officer Harper conducted a traffic stop on the vehicle to conduct a (welfare check) in regards to the allege domestic violence call.  Officer Harper contacted Pollard advise Pollard he was a suspect in a possible D-V and the officer was checking his (welfare).  Harper smell alcohol on Pollard.  A search and seizure of Pollard produce a (7-inch knife) which violated Pollard parole.  Pollard took a sobriety test and allegedly failed.  Police took Pollard to Anderson Police station.  Pollard was assaulted after he use the bathroom.  Police Harper, Van Dyke, Bailey putting Pollard in a left wrist lock.  Pollard had a prior wrist injury before the arrest incident.  Harper at the Shasta County Jail assisted jail staff to force blood from Pollard to get a DUI conviction knowing the illegal stop search and seizure unlawful arrest followed by unlawful imprisonment.  Pollard stayed in jail for 5 months base on a rumor.

/ / /

/ / /

/ / /

---

[1]  In the previous amended complaint (Doc. 6) addressed in the court's October 2009 screening order, plaintiff named Anderson Police Department and Officer Nevens.  Plaintiff no longer names Nevens as a defendant.  The Clerk of the Court will be directed to terminate Nevens and add Harper, Bailey, and Van Dyke as defendants.

2

The court notes that these allegations relate to a different incident than the one referred to in plaintiff's prior pleading.  Specifically, in the court's October 15, 2009, screening order addressing the prior amended complaint, the court summarized the factual allegations as follows:

> Plaintiff claims that, on May 19, 2009, he was arrested on state drug charges by officers of the Anderson Police Department. According to plaintiff, the arresting officers placed him in the patrol car "with the heat turned up with the windows up." He states that, due to a psychiatric condition for which he takes medication, he could not breath. Plaintiff alleges that he was then pulled out of the car, hobbled, and choked by the officers.  It can be reasonably inferred from the amended complaint that plaintiff asserts that defendant Nevens was one of the arresting officers.
> Next, plaintiff raises allegations which appear to relate to court proceedings resulting from the May 19, 2009, arrest.  First, he mentions a competency proceeding he anticipates will be held due to his psychiatric issues.  He also references alleged destruction of evidence.  He states that he being improperly charged because "no contraband was found on my person."

The current amended complaint relates to an arrest in May 2008 and not May 2009.  Further, there is no reference to Officer Nevens in the current amended complaint.[2]  In any event, the current amended pleading supercedes all prior pleadings and it is the current allegations relating to the May 2008 arrest that must form the basis of any legal claims plaintiff is raising in this action.

## II. DISCUSSION

Plaintiff's current amended complaint raises facts that can be grouped as follows: (1) facts relating to his arrest by Officer Harper; (2) facts relating to his treatment at the police station; and (3) facts relating to his treatment at the Shasta County Jail.[3]  For the reasons discussed below, the court finds that plaintiff does not state a claim upon which relief can be

---

[2] Plaintiff states that Officer Nevens was involved in a subsequent arrest, apparently referring to the May 2009 arrest.

[3] Plaintiff's apparent allegation that Anderson Police Department is a liable municipal entity will be addressed by separate findings and recommendations.

granted.

### A. Arrest by Officer Harper

Plaintiff alleges that he was pulled over by Officer Harper because his vehicle fit the description of a vehicle related to a criminal investigation. Plaintiff states that Officer Harper then smelled alcohol on plaintiff's breath. According to plaintiff, Officer Harper administered a field sobriety test which plaintiff failed. Plaintiff was then arrested and, upon a search conducted incident to that arrest, a 7-inch knife was found, possession of which violated plaintiff's parole. These facts simply to not suggest any wrong-doing on the part of Officer Harper with respect to plaintiff's arrest. To the contrary, the facts alleges by plaintiff show that Officer Harper had probable cause to initially stop plaintiff because his car matched the description of a vehicle related to a criminal investigation. The officer then acquired probable cause to administer the sobriety test when he smelled alcohol on plaintiff's breath. Plaintiff's failure of that test provided justification for plaintiff's arrest. The arrest provided justification for the search of plaintiff's person and vehicle, which produced the knife.

In sum, assuming plaintiff's allegations to be true, as the court must at this stage of the proceedings, plaintiff cannot state a claim against Officer Harper based on the officer's traffic stop, search, and arrest of plaintiff.

### B. Treatment at Police Department

Plaintiff claims that he was "assaulted" by Officers Harper, Van Dyke, and Bailey while at the police station. Specifically, he alleges that the officers placed him in a wrist lock. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v.

1  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with
2  "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,
3  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only
4  when two requirements are met: (1) objectively, the official's act or omission must be so serious
5  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)
6  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
7  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
8  official must have a "sufficiently culpable mind."  See id.

9  When prison officials stand accused of using excessive force, the core judicial
10 inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline,
11 or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);
12 Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as
13 opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,
14 is applied to excessive force claims because prison officials generally do not have time to reflect
15 on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475
16 U.S. at 320-21.  In determining whether force was excessive, the court considers the following
17 factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship
18 between the need for force and the amount of force used; (4) the nature of the threat reasonably
19 perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.
20 See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force
21 was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.
22 1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally,
23 because the use of force relates to the prison's legitimate penological interest in maintaining
24 security and order, the court must be deferential to the conduct of prison officials.  See Whitley,
25 475 U.S. at 321-22.
26 / / /

Here, the court cannot determine whether plaintiff states a cognizable claim. All that plaintiff has alleged is that force was used on him. He has not described the situation giving rise to the use of force or the nature and extent of the force used. Nor has plaintiff specified which of the officers – Harper, Van Dyke, or Bailey – who applied force. Plaintiff will be provided an opportunity to file an amended complaint in order to provide more factual detail to this claim.

### C. Treatment at Shasta County Jail

Plaintiff alleges that, while at the Shasta County Jail, Officer Harper helped jail staff forcibly collect a blood sample to be used as evidence against him in a DUI case. While plaintiff does allege that he was forced to provide the blood sample, he does not allege that the seizure of the blood sample was accomplished in the absence of a valid warrant for same. Plaintiff will be provided an opportunity to amend to provide more factual detail to this claim.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

///

1          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
3   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
4   each named defendant is involved, and must set forth some affirmative link or connection
5   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
6   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
7          Because some of the defects identified in this order cannot be cured by
8   amendment (specifically, plaintiff's claim against Officer Harper relating to his May 2008 arrest),
9   plaintiff is not entitled to leave to amend as to such claim(s).  Plaintiff, therefore, now has the
10  following choices: (1) plaintiff may file an amended complaint which does not allege the claims
11  identified herein as incurable, in which case such claims will be deemed abandoned and the court
12  will address the remaining claims; or (2) plaintiff may file an amended complaint which
13  continues to allege claims identified as incurable, in which case the court will issue findings and
14  recommendations that such claims be dismissed from this action, as well as such other orders
15  and/or findings and recommendations as may be necessary to address the remaining claims.
16         Finally, plaintiff is warned that failure to file an amended complaint within the
17  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
18  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
19  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
20  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to terminate Nevens as a defendant and to add Harper, Van Dyke, and Bailey as defendants;

2. Plaintiff's amended complaint (Doc. 42) is dismissed with leave to amend; and

3. Plaintiff shall file a further amended complaint within 30 days of the date of service of this order.

DATED: May 6, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE