IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BYFORD POLLARD, III, | No. CIV S-09-1955-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ANDERSON POLICE DEPT., et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 42).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff's allegations are outlined in the accompanying order and will not be repeated here.  Plaintiff names, among others, the Anderson Police Department apparently alleging municipal entity liability.  The court issued a screening order on October 15, 2009, in which plaintiff was informed as follows regarding municipal liability:

> Plaintiff names as a defendant the Anderson Police Department.  Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).
> Plaintiff has not clearly alleged any policy, custom, or practice of defendant Anderson Police Department.

Plaintiff's current amended complaint does nothing to cure this defect.  Specifically, plaintiff continues to fail to allege any kind of policy, custom, or practice on the part of Anderson Police Department that resulted or contributed to a violation of his constitutional rights.  Given that plaintiff appears either unable or unwilling to set forth any specific allegations as against

1 Anderson Police Department, any further leave to amend as to this defendant would be futile.

2         Based on the foregoing, the undersigned recommends that Anderson Police
3 Department be dismissed as a defendant to this action.

4         These findings and recommendations are submitted to the United States District
5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8 Findings and Recommendations."  Failure to file objections within the specified time may waive
9 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  DATED:  May 6, 2010

                             _____
                             **CRAIG M. KELLISON**
                             UNITED STATES MAGISTRATE JUDGE