UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kenneth Buford Pollard, III, | No. 2:09-cv-1955-KJM-DMC-P |
| Plaintiff, | ORDER |
| v. | |
| Anderson Police Dept., et al., | |
| Defendants. | |

Mr. Pollard filed a complaint in this court July 16, 2009. On March 1, 2021, he moved to reopen this case, which the Clerk's Office closed after the court warned plaintiff that failure to file an amended complaint may result in dismissal of his case for lack of prosecution and failure to comply with court rules and orders. *See* Order (Aug. 13, 2010), ECF No. 67; E.D. Cal. L.R. 110. **The motion is denied.**

A motion to reopen a § 1983 case that has been closed by way of dispositive motion is effectively a motion based on Rule 60(b)(6) asking the court to grant relief from a final judgment. *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). This relief will be denied unless a party demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Id*. at 524 (brackets in original).

Here, Mr. Pollard does not present any extraordinary circumstances, nor does he make any attempt to show extreme and unexpected hardship would result if his motion is not granted.

1

Instead he simply requests to reopen his case, which was dismissed nearly eleven years ago for failure to state a claim and timely amend his complaint, without providing reasons why the court should grant his motion. In effect Mr. Pollard seeks to circumvent the statute of limitations for his § 1983 claims, which have been barred for well over a decade. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (statute of limitations for a § 1983 claim is that of a personal injury claim in the state in which it arises).

The motion to reopen this case is denied.

This order resolves ECF No. 73.

IT IS SO ORDERED.

DATED: April 26, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE